20-3884
Lin v. Garland

BIA
Brennan, IJ
A206 894 908

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty-two.

PRESENT:
    GERARD E. LYNCH,
    MICHAEL H. PARK,
    BETH ROBINSON,
        *Circuit Judges.*

_____

BO QIU LIN,
        *Petitioner,*

        v.                                    20-3884
                                              NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, Esq., New York, NY.

FOR RESPONDENT:          Brian Boynton, Principal Deputy Assistant Attorney General; Jessica A. Dawgert, Senior

Litigation Counsel; Thanh Lieu Duong, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bo Qiu Lin, a native and citizen of the People's Republic of China, seeks review of an October 8, 2020, decision of the BIA affirming a May 23, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bo Qiu Lin,* No. A 206 894 908 (B.I.A. Oct. 8, 2020), *aff'g* No. A 206 894 908 (Immig. Ct. N.Y. City May 23, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review adverse credibility determinations for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of

fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

The IJ may base its credibility determination, under the totality of the circumstances, on the applicant's "demeanor, candor, or responsiveness," the "inherent plausibility" of the applicant's account, the consistency between and within the applicant's statements, the extent to which these statements are consistent with the rest of the record, and "any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Lin alleged that the police arrested, detained, interrogated, tortured, and beat him after a raid on the underground Christian church he attended. Substantial

3

evidence supports the adverse credibility determination.

As an initial matter, we give "particular deference" to an IJ's demeanor finding because the IJ is "in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (quotation marks omitted).

The record supports the IJ's demeanor finding. Lin was not responsive to questions concerning how he was introduced to the church and his mother's practice of Christianity. On occasion, he had to be asked questions multiple times. Lin's explanation – that he had difficulty answering because of his limited education – does not compel a contrary conclusion, especially given that the questions were about events in his own life. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks

4

omitted)).

Relatedly, the agency also reasonably relied on implausible aspects of Lin's claim, including his allegations that his mother became a Christian in 2011 while he was living with her but did not tell him about that practice until 2013, when he was no longer living with her, and that the friend he ran into in 2013 coincidentally introduced him to the church his mother attended. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The findings are sufficiently "tethered" to the record given Lin's lack of clear explanation as to why his mother would attend a church and hour and a half drive from her home and his confused testimony about interactions with his mother concerning Christianity. *Siewe v. Gonzales*, 480 F.3d 160, 169 (2d Cir. 2007) (deferring to agency's inference if it is "available to the factfinder by record facts, or even a single fact viewed in the light of common sense and ordinary experience," i.e., "[s]o long as an inferential leap is tethered to the evidentiary record").

Given that Lin's credibility was in question, the IJ also permissibly relied on the lack of reliable corroboration. "An applicant's failure to corroborate his or her testimony

5

may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales,* 496 F.3d 268, 273 (2d Cir. 2007). Lin did not provide a letter from the friend who introduced him to the church in China, or a letter from the aunt whom he allegedly stayed with after he fled following a second raid. Nor did he call a witness to confirm his continued church attendance in the United States. To the extent he contends that he could not reach the friend in China, he did not explain why, nor indeed whether he tried to do so. Moreover, although an IJ must identify "reasonably" available evidence to deny relief for lack of corroboration of *credible* testimony, *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018), quoting 8 U.S.C. § 1158(b)(1)(B)(ii), where, as here, credibility is already in question, the absence of corroboration simply prevents the applicant from rehabilitating the testimony in question, *see Biao Yang*, 496 F.3d at 273; *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) (distinguishing between principles of credibility and corroboration). The agency was not required to credit

6

Lin's other documentary evidence. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Given Lin's demeanor, the implausible aspects of his story, and the lack of reliable corroboration, substantial evidence supports the adverse credibility determination. The adverse credibility determination is dispositive because asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7